**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THERIAULT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2978** |
| **FIA CARD SERVICES, N.A.** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion Requesting Reconsideration (R. Doc. 41) of the judicial decision granting Summary Judgment to FIA Card Services ("FIA"), subsequent to the documentary hearing on June 25, 2008. After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

## BACKGROUND

This case involves Plaintiff's use of a credit card. On July 17, 2008, this Court entered Judgment in favor of FIA and confirmed FIA's binding arbitration award in the amount of $49,233.74. (R. Doc. 40).

Plaintiff argues that there are unresolved triable issues of material fact in dispute, and that Defendant is not entitled to a judgment as a matter of law. He seeks a trial by jury pursuant to 9 U.S.C.A. § 4 to determine the existence of a valid arbitration agreement. Plaintiff asserts that the National Arbitration Forum conducted the arbitration hearing without Plaintiff's consent or participation. Plaintiff asserts that pursuant to the Federal

Arbitration Act ("FAA"), the arbitrability of a dispute is to be determined by the court. Therefore, Plaintiff argues that the issuance of a Summary Judgment would deprive Plaintiff of the right to due process.

Plaintiff argues FIA's Motion for Summary Judgment was untimely filed, that no valid arbitration agreement existed between the parties, and that Defendant is in violation of the Fair Credit Billing Act ("FCBA"), and as such is currently barred from pursuit of collection efforts.

Defendant asserts that Plaintiff has failed to delineate any of the four ways in which a binding arbitration may be overturned: (1) that the award was biased, (2) the award was secured by fraud, (3) the arbitrator acted arbitrarily or capriciously in issuing the award or (4) material error in the calculation of the award.

**DISCUSSION**

If a motion is served after ten days, it falls under Rule 60(b) as opposed to Rule 59(e). Plaintiff's motion was filed twelve days after the judgment was issued, thus, Plaintiff's motion shall be considered under Rule 60(b). Rule 60(b) provides relief from final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the

judgment has been satisfied; or (6) any other reason that justifies relief. Fed.R.Civ.P.60(b).

In adherence to the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 10 this Court may vacate an award:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators are guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or if any other misbehavior by which the rights of any party have been prejudice; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, finals, and definite award upon the subject matter submitted was not made.

Plaintiff alleges that FIA's Motion for Summary Judgment was untimely filed. Pursuant to Local Rule 7.2E, a motion must be filed not later than the fifteenth day preceding the notice of hearing. FIA electronically filed its Motion for Summary Judgment on June 10, 2008 and served a copy of its motion to Plaintiff. (*See*. R. Doc. 34 and 34-3). The hearing was scheduled for June 25, 2008. FIA's motion was, therefore, timely filed and was properly considered by this Court.

Plaintiff alleges that there was no valid agreement to arbitrate between the parties. Plaintiff asserts that FAA 9 U.S.C.A § 4 is thus applicable. 9 U.S.C.A § 4 provides in pertinent part. . .

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement

3

> for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28. . .The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . .If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

Courts have found that the question of arbitrability is initially for arbitrators, and their decision will not be disturbed if there is any basis therefore. *Galt v. Libbey-Owens-Ford Glass Co.,* 397 F.2d 439 (7th Cir. 1968), *certiorari denied* 393 U.S. 925. In this case, the dispute has already been arbitrated and this Court confirmed FIA's binding arbitration award. The District Court cannot interfere with arbitration if a valid arbitration agreement exists and the specific dispute falls within the substance and scope of that agreement; the Court can only affect such proceedings by vacating, modifying, or

4

correcting award after it is rendered. *Smith, Barney, Harris Upham & Co., Inc. v. Robinson*, 12 F.3d 515 (5th Cir. 1994). Arbitration awards are barred by res judicata and must be affirmed unless grounds are established, in accordance with arbitration law, for the vacation or correction of the award. *Farmers Cotton Co. v. Savage*, 714 So.2d 926, 929 (La.App.2d Cir. 1998). Plaintiff has failed to set forth sufficient grounds to vacate the arbitration award in accordance with FAA, 9 U.S.C.A. § 10.

## CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 19th day of February, 2009.

**UNITED STATES DISTRICT JUDGE**